IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

BRYAN ARNOLD,

   Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,

   Defendant.

CIVIL ACTION FILE

No. 2:24-CV-00022-SCJ

## <u>O R D E R</u>

This action was filed on February 5, 2024. Doc. No. [1]. After the filing of an Amended Complaint (Doc. No. [9]) and resolution of Defendant's Motion to Dismiss (Doc. No. [13]),[1] discovery began on October 30, 2024 and was due to expire on February 27, 2025. The Parties requested two additional months for discovery; the Court afforded them one additional month.

With 9 days remaining in the extended discovery period, the Parties jointly requested an indefinite stay of discovery to attend mediation. Doc. No. [17]. On March 18, 2025, the Court granted the Parties' request to stay this matter to attend mediation but limited the stay to 45 days. Doc. No. [28]. The

---

[1] Discovery was not ongoing prior to resolution of the Motion to Dismiss.

Court further ordered the Parties to report, within three days of completion of the mediation, the outcome of their efforts to mediate. The stay expired on May 2, 2024. The Parties have yet to file the Court-ordered report as to the outcome of mediation.

On the last day of the extended discovery period, the Parties filed a Joint Motion to Extend Discovery, seeking two additional months of discovery (Doc. No. [30]) and a stipulation of dismissal without prejudice pursuant to Rule 41 (Doc. No. [31]). Because this action is one brought pursuant to the Fair Labor Standards Act ("FLSA"), the Clerk properly submitted the stipulation of dismissal to the undersigned for approval. The Court denied the Motion to Extend Discovery and scheduled a hearing regarding the stipulation of dismissal.

In advance of the hearing, the Court conducted a conference call on May 27, 2025 in which counsel for the Parties indicated their understanding that stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) was self-executing and that its filing divested the Court of jurisdiction. Indeed, counsel for Defendant cited Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012) to support that proposition. However, Anago Franchising is not an FLSA case—a very important distinction.

2

Some district courts in the Eleventh Circuit have recognized a stipulation of dismissal as method for dismissal without prejudice of a FLSA action. See Appleby v. Hickman Const., Inc., No. 1:12cv237–SPM/GRJ, 2013 WL 1197758 (N.D. Fla. Mar. 25, 2013) ("Where the parties stipulate to dismissal without prejudice, the plaintiff is not foreclosed from refiling any FLSA claim at a later time, and thus, such a stipulated dismissal remains self-executing without contravening the FLSA") (citing Perez–Nunez v. N. Broward Hosp. Dist., 609 F.Supp.2d 1319, 1320–21 (S.D. Fla. 2009)); Brown v. Pontus LLC, No. CV417-202, 2019 WL 1495287, at *2 (S.D. Ga. Apr. 4, 2019) (same).

Other courts have noted the "obvious problem" with granting dismissals in FLSA cases absent judicial review. See Turner v. Interline Brands, Inc., No. 3:16-cv-646-J-39PDB, 2016 WL 7973120, at *3 (M.D. Fla. Nov. 8, 2016) (noting potential issues such as the statute of limitations and circumvention of the FLSA's purpose). For example, litigators may use dismissals without prejudice as a tool to effect an end-run around the policy concerns articulated in both the FLSA and Lynn's Food Stores. See Cardillo v. Limo, Inc., No. 8:11-cv-552-T-23MAP, 2011 U.S. Dist. LEXIS 86100, at *1-2 (M.D. Fla. Aug. 4, 2011) ("The parties attempt to circumnavigate the required

3

judicial review of an FLSA settlement by stipulating to dismissal without prejudice." (citation omitted)); accord Gallardo v. PS Chicken Inc., 285 F.Supp.3d 549, 552 (E.D.N.Y. 2018) ("[D]ismissals without prejudice may simply be an effort to settle cases without court review."); see also Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1247 (M.D. Fla. 2010) ("[T]he district court should not become complicit in any scheme or mechanism designed to confine or frustrate every employee's knowledge and realization of FLSA rights."); accord Lugo v. Eddisons Facility Servs., LLC, No. 17-62091-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 205885, at *2 (S.D. Fla. Dec. 12, 2017); Chang v. Yokohama Sushi Inc., No. 17-80774-MIDDLEBROOKS/BRANNON, 2017 U.S. Dist. LEXIS 178541, at *1-2 (S.D. Fla. Oct. 25, 2017).

The Court is aware of the lengthy line of cases from the Middle District of Florida that specifically hold that parties may dismiss an FLSA case in its entirety pursuant to a stipulation of dismissal without court approval. See e.g., Marcucci v. Stefano's Trattoria, Inc., No. 6:12-cv-440-Orl-19GJK, 2012 WL 13136903, *2 (M.D. Fla. July 3, 2012); Jarquin v. Habanero Salvadorean & Mexican Grill LLC, No. 2:25-cv-00024-KCD, 2025 WL 1397079, *1 (M.D.Fla. May 14, 2025); Fortune v. AJ's Auto and Fleet Service Inc., No. 2:24-cv-01051-KCD, 2025 WL 1294979, *1, (M.D.Fla. May 5, 2025); Almaraz v. Hometown

4

<u>Ventures LLC</u>, No. 2:21-CV-551-NPM, 2022 WL 622729, at *1 (M.D. Fla. Mar. 3, 2022). However, the Court can find no cases from this district in agreement. In fact, there do not appear to be any cases in this district that address the propriety of resolving an FLSA case through a stipulation of dismissal.

As the Eleventh Circuit has pointed out, there are only two ways in which unpaid wage claims arising under the FLSA, can be settled or compromised by employees. First, section 216(c) of the FLSA authorizes the Secretary of Labor to supervise the payment of unpaid wages by the employer to the employee. 29 U.S.C. § 216(c). If the employee accepts this payment, the employee thereby waives his or her claims under the FLSA. 29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and waive his or her FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the settlement. 29 U.S.C. § 216(b); <u>Lynn's Food Stores</u>, 679 F.2d at 1353. In approving the settlement, the district court must "scrutiniz[e] the settlement for fairness" and ultimately conclude that the settlement "is a fair and reasonable res[o]lution of a bona fide dispute

5

over FLSA provisions." <u>Lynn's Food Stores</u>, 679 F.2d at 1353, 1355. The Eleventh Circuit imposed these standards in light of the FLSA's purpose of "protecting workers" and mitigating the "great inequalities in bargaining power between employers and employees." <u>Id.</u> at 1352.

Counsel for the Parties in this case have refused to plainly state whether the there is a settlement of Plaintiff's claims. This refusal appears to the Court to be an effort to circumvent the public court evaluation of any settlement of claims. Furthermore, the statute of limitation on Plaintiff's claims is expiring in less than three months. This virtually transforms a dismissal without prejudice to one with prejudice. <u>See Turner</u>, No. 3:16-CV-646-J-39PDB, 2016 WL 7973120, at *3 (recognizing that from an employer's perspective, a dismissal without prejudice is equivalent to a dismissal with prejudice if the limitations period has expired or soon will expire) (citing <u>Justice v. United States</u>, 6 F.3d 1474, 1481 (11th Cir. 1993)).

With the backdrop of the Eleventh Circuit's careful adherence to the underlying purposes of the FLSA, this Court cannot find that allowing the Parties to dismiss FLSA claims without an announcement of the terms of the resolution to be in keeping with the FLSA's aims of protecting employees—particularly employees who may not realize that they have a cause of action

under the FLSA. Accordingly, this Court will follow the lead of other courts that have required the parties to provide sufficient information surrounding Plaintiff's decision to dismiss his FLSA claim before entering a stipulated dismissal. See, e.g., Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 658-59 (S.D. Ala. 2013) (declining to dismiss based on a stipulation of dismissal without prejudice in FLSA case because court lacked sufficient information regarding circumstances surrounding plaintiff's stipulation); Hurley v. Rogers, No. 12-00563-KD-M, 2012 U.S. Dist. LEXIS 153581, at *2 (S.D. Ala. Oct. 23, 2012) (same); see also Boasci v. Imperial Spa & Salon, Inc., No. 6:13-cv-1520-Orl-40KRS, 2015 WL 12843222 at *1 (M.D. Fla. Jan. 12, 2015) ("[T]he overwhelming position in the Eleventh Circuit [is] that the FLSA charges district courts with the duty to ensure the fairness of any resolution of a claim arising under the statute."). Likewise, some district courts in the Second Circuit have required judicial review for dismissals without prejudice in FLSA cases. See, e.g., Gallardo, 285 F.Supp.3d at 552-53; Seck v. Dipna Rx, Inc., No. 16-cv-7262 (PKC), 2017 WL 1906887, at *1 (S.D.N.Y. May 8, 2017).

Plaintiff and a representative of Defendant shall appear in person before the Court on June 5, 2025 at 11:00 a.m. to give evidence as to the circumstances of how they arrived at the stipulation of dismissal and any

7

understanding, binding or not, written or unwritten, they have as to monetary compensation to be given to Plaintiff by Defendant in relation to the wage and hour claim made in this suit. [2]

Meanwhile, counsel for the Parties shall file a Joint Report regarding their mediation efforts including when the mediation took place and whether any resolution—even an agreement in principle—was reached. This filing shall be made on the docket no later than June 3, 2025.

**IT IS SO ORDERED** this ___30th___ day of May, 2025.

/s/ Steve C. Jones
_____
**HONORABLE STEVE C. JONES**
**United States District Judge**

_____

[2] Counsel has indicated that Plaintiff no longer resides in Georgia and requested that he appear via Zoom. The Court will not conduct the hearing remotely. However, Plaintiff may file a Motion for a Continuance to include his statement under oath regarding the details of where he resides and the hardship appearing in person on June 5, 2025 presents.

8